## (February 20, 1973)

■ In the Matter of the Estate of VIRGINIA T. NICHOLAS, Deceased. JOSEPH GIMMA et al., as Executors of VIRGINIA T. NICHOLAS, Deceased, Petitioners; HELEN L. MURPHY, Appellant; FEDERATION OF PROTESTANT WELFARE AGENCIES, INC., et al., Respondents.— Decree, Surrogate's Court, New York County entered May 25, 1972, adjudging that the true meaning and construction of the testatrix' last will and testament is that the estate taxes on the bequests to respondent Helen L. Murphy under the will and codicil of Virginia T. Nicholas shall be apportioned and paid out of said bequests, unanimously reversed, on the law, with $60 costs and disbursements to all parties filing briefs payable out of the estate, and it is determined that the bequests in question are to be paid free of all estate taxes. A will and codicil thereto are to be treated as a single and entire instrument, and are to be construed as if they had been executed at the time of the making of the codicil (64 N. Y. Jur., Wills, § 481, p. 577). The testatrix' will provides in the clearest terms that the subject bequests, which were initially payable to Thomas J. Lynch, were to be free of all taxes. The codicil did not create a new or distinct bequest, but rather provided for a substitute or alternative gift of the already specified legacies. "An incident,

quality, or condition which attaches to a legacy or devise by virtue of express provision in the will attaches to an additional or substitute legacy or devise under a codicil, except where the circumstances present show a contrary intent, on the part of the testator." (64 N. Y. Jur., Wills, § 482, p. 578.) In fact, the circumstances here present, and the wording of both the will and the codicil, indicate the manifest intention of the testatrix to exempt the bequests passing under the codicil. Settle order on notice. Concur — Stevens, P. J., Nunez, Steuer and Tilzer, JJ.